UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERWIN T. SHELTON,

                Plaintiff,

           vs.

MAGEN OAKS, et al.,

                Defendants.

_____/

Case No. 21-CV-11614

HON. GEORGE CARAM STEEH

ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION (ECF No. 37) AND DENYING DEFENDANTS'
MOTIONS FOR SUMMARY JUDGMENT (ECF Nos. 15, 25, 30)

Sherwin T. Shelton, an incarcerated person in custody of the

Michigan Department of Corrections ("MDOC"), challenges the conditions

of his confinement at Central Michigan Correctional Facility ("STF"). He

brings a complaint under 42 U.S.C. § 1983 against Magen Oaks, Michael

Desco, Kaelie Lewis, Jordon Block, Carlynn VanHall, Donna Rohrs, John

Christiansen, and M. Sosinski. All defendants filed motions for summary

judgment based on exhaustion, (ECF Nos. 15, 25, 30), which were referred

to the magistrate judge for Report and Recommendation ("R&R"). On July

30, 2022, Magistrate Judge Grey issued his R&R recommending the court

deny defendants' motions for summary judgment (ECF No. 37).

BACKGROUND

Shelton was born with spina bifida and requires ankle foot orthoses leg braces ("AFO braces") on both legs to prevent pain and swelling in his legs and to assist in mobility. On January 14, 2020, Shelton was taken to Duane L. Waters Health Care Orthotics to repair his left AFO brace and transfer the brace to new boots. His orthotist requested that he return the next week to be fitted. On January 27, 2020, STF staff approved the orthotist's appointment request. Shelton was not taken for the AFO brace fitting. He repeatedly informed STF staff about his pain orally and through kites. He eventually received his AFO brace on June 7, 2021.

Shelton pursued one grievance through Step III of the MDOC grievance process: Grievance No. STF-20-03-0239-28i ("Grievance 0239"). The Prison Litigation Reform Act (PLRA) requires prisoners to exhaust all available administrative remedies before filing an action about prison conditions. 42 U.S.C. § 1997e(a). The Supreme Court requires that a grievant exhaust all administrative remedies before filing a lawsuit. *Jones v. Bock*, 549 U.S. 199, 211 (2007). Failure to exhaust is an affirmative defense, with the burden resting on defendants to establish failure to exhaust. *Id*. at 216.

The magistrate judge first concluded that Shelton exhausted his

remedies against Oaks, who was named in Grievance 0239. Even though Shelton did not identify the other defendants by name, the grievance screener addressed Grievance 0239 on the merits at every step, referring to "healthcare" as the entity Shelton grieved against. Because the grievance screener overlooked the naming defect, the magistrate judge concluded that Desco, Lewis, Block, VanHall, Rohrs, Christiansen, and Sosinski cannot raise a non-exhaustion defense. The magistrate judge also concluded that Grievance 0239 sufficiently placed MDOC on notice that Shelton alleged a continuing violation of his rights such that his claims were not limited to those that arose before he filed his grievance.

Timely objections to the R&R were filed by the MDOC defendants, which include Oaks, Desco, Lewis, VanHall, Christiansen and Sosinski, and the P.A. defendants which include Block and Rohrs.

I.    MDOC Objections

"Under the [MDOC's] procedural rules, inmates must include the 'names of all those involved in the issue being grieved' in their initial grievance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010). MDOC objects to the R&R because it did not find that Shelton's Grievance 0239 was limited to Nurse Oaks, though she is the only individual specifically named in the grievance (ECF No. 15-3, PageID.214). MDOC

also objects that Shelton could not exhaust any new clams at Step II, because he was limited to the claims raised at Step I and examined in his health records as to events that occurred in January and February 2020.

At Step I of Grievance 0239, Shelton named Oaks in the section asking the inmate to "State problem clearly." He also named H/C, P/C and warden in the section describing the attempts he made to resolve the issue prior to writing the grievance. In that section he states that he sent many kites to H/C, talked to P/C and warden, and tried to talk to Oats.

The purpose of a grievance is to put MDOC on notice of an issue within the prison so that it may remedy it internally. *See Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004) ("We are mindful that the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued; the grievance is not a summons and complaint that initiates adversarial litigation."), *cited with approval Jones*, 549 U.S. at 219. By explaining that he informed healthcare through multiple kites, as well as the warden and prison counselor, that he had not received his AFO brace and that they did nothing about it, Shelton clearly put MDOC on notice of his Eighth Amendment claim.

Moreover, MDOC waived the argument that Shelton did not exhaust

his claims against STF healthcare staff when the grievance screener responded to the grievance on the merits at every step, even referring to "healthcare" as the entity grieved against in its responses. (ECF No. 15-3, PageID.213, 215.) The court agrees with the magistrate judge's assessment that a reasonable jury could conclude that the grievance had an apparent naming defect. Accordingly, the fact that the grievance screener overlooked the defect precludes the defendants from complaining about it now. *See Reed-Bey*, 603 F.3d at 324–26.

Defendants next object to the R&R's conclusion that Grievance 0239 should be limited to the issues raised at Step I and therefore cannot include incidents that occurred after March 24, 2020. As a rule, a grievant must exhaust such administrative remedies as are available. *Ross v. Blake*, 578 U.S. 632, 642 (2016). The issue being grieved here was the failure of staff at STF to provide Shelton with his AFO brace. Any subsequent grievance would have stated that the same individuals identified in his Step I grievance, who failed to ensure that he received his AFO brace, persisted in their failure to ensure that he received his brace.

MDOC Grievance Policy provides that duplicative grievances shall be rejected. MDOC Policy Directive 03.02.130(J)(2) (effective Mar. 18, 2019). ECF No. 42-3, PageID.573. Had Shelton filed new grievances until he

received his AFO brace they surely would have been rejected. The court agrees that a subsequent grievance was not available to Shelton and Grievance 0239 sufficiently put MDOC on notice that he alleged a continuing violation of his rights. *See Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011) (discussing *Ellis v. Vadlamudi*, 568 F.Supp.2d 778 (E.D. Mich. 2008)) ("[B]ecause the condition was ongoing, the grievance was timely for all claims that could be filed regarding the condition.")

The MDOC defendants' objections are overruled.

II.   P.A. Jordan Block and Donna Rohrs Objections

Physician Assistants Block and Rohrs object on the basis that the magistrate judge misapplied the holding of *Reed-Bey*, 603 F.3d 322. In that case, the Sixth Circuit reversed a determination that the plaintiff had failed to exhaust his administrative remedies by failing to name a specific defendant in his grievance in violation of MDOC grievance policy. The Court held that MDOC waived the procedural defect when it addressed the grievance on the merits. *Id*. at 325. Block and Rohrs distinguish *Reed-Bey* from this case because the plaintiff in *Reed-Bey* failed to name a single individual in his initial grievance. *Id*. at 324. On the contrary, in this case plaintiff named Nursing Supervisor Oaks in his grievance and addresses all the concerns in his grievance against Oaks. *See, Kensu v. Rapelje*, No. 12-

11877, 2013 U.S. Dist. LEXIS 55489, at *10 (E.D. Mich. Apr. 18, 2013) ("a plaintiff fails to exhaust administrative remedies as to a particular defendant not identified in the grievance if the plaintiff specifically identifies other defendants by name and nothing in the grievance would put the unnamed defendants on notice.")

Magistrate Judge Grey concluded that in Grievance 0239, Shelton "complained that Oaks, "H/C," [healthcare] "PC," [prison counselor] and the "warden" did not resolve his issue with acquiring his AFO brace. The magistrate judge found that Shelton's grievance "made the failure to name all those involved apparent to the grievance screener" (ECF No. 37, PageID.484). Defendants contend that this conclusion is factually incorrect. Defendants point out that Shelton merely stated that he "sent many H/C Kites" in the section of the Step I grievance that asks, "what attempt did you make to resolve this issue prior to writing this grievance?" Then, in the "State Problem Clearly" section, Shelton only names and discusses the actions of Oaks. Defendants do not cite any authority to support their argument that some portions of the grievance form do not count as part of the grievance.

The kites described by Shelton in the grievance informed healthcare, the prison counselor and the warden that he had not received his AFO

brace and that they did nothing to ensure that he obtained one. Thus, plaintiff's grievance put prison officials on fair notice of the claims brought in this lawsuit. *See Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006) (holding that to determine whether a grievance put prison officials on fair notice of the claims filed in a subsequent lawsuit, "a grievance must be measured against the claim brought in the prisoner's subsequent suit . . .").

At his Step II grievance, plaintiff alleged in part, "This H/C didn't even know that they had to send me back to DWH. I complained to H/C many times in Jan, Feb, Mar. but nothing." While the Step II grievance response does not include a single name, the Step II respondent stated that she conducted a "[r]eview of the electronic medical records", which permitted her to identify all those individuals, within STF healthcare, who were personally involved in the failure to ensure that Mr. Shelton received his AFO brace, including Block and Rohrs.

The grievance screener addressed Shelton's grievance on the merits at each step, even referring to "healthcare" as the entity plaintiff grieved against. Just as in *Reed-Bey*, the fact that the grievance screener overlooked the defect precludes the defendants from complaining about it now. *See Reed-Bey*, 603 F.3d at 324–26. The record, viewed in the light most favorable to plaintiff, demonstrates he was grieving individuals outside

those specifically named in his Step I grievance, MDOC was aware of this, and MDOC responded on the merits.

The Court overrules defendant Block and Rohrs' objection to the R&R.

<u>CONCLUSION</u>

Now, therefore,

IT IS HEREBY ORDERED that defendants' objections to the R&R (ECF Nos. 38 and 40) are OVERRULED.

IT IS FURTHER ORDERED that the R&R (ECF No. 37) is ACCEPTED by the court.

IT IS FURTHER ORDERED that defendants' motions for summary judgment on the basis of exhaustion (ECF Nos. 15, 25, 30) are DENIED.

It is so ordered.

Dated:   September 9, 2022

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 9, 2022, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk